```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF GEORGIA
              ATLANTA DIVISION

TARYN HANSON,                    :
                                 :
          Plaintiff,             :   Civil Action No.
                                 :
v.                               :
                                 :
OSJ LOGISTICS, LLC               :   JURY TRIAL DEMANDED
and STEPHEN JAKSE,               :
                                 :
          Defendants.            :
_____  :
```

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Taryn Hanson (hereinafter referred to as ("Plaintiff") files this lawsuit against Defendants, OSJ Logistics, LLC and Stephen Jakse (hereinafter referred to as ("Defendants"), alleging as follows:

### JURISDICTION

1. Jurisdiction over Plaintiff's federal claim is based upon Section 16 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, that authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA. Jurisdiction is proper under 29 U.S.C. §§ 1331 and 1337.

### VENUE

2. Venue is proper in this District pursuant to 28 U.S.C.

§§ 1391(b) and (c) because this is a District in which Plaintiff and Defendants reside, and this is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

**PARTIES**

3. Plaintiff TARYN HANSON is an adult individual who lived within the bounds of this Court during her employment with Defendants.

4. Defendant OSJ LOGISTICS, LLC (hereinafter "OSJ") is a limited-liability domestic for-profit corporation, incorporated in Georgia, with its general office located at 45 Enterprise Path, Suite 103, Hiram, Georgia 30141. On information and belief, OSJ serves as an agent for Landstar System, Inc., described on its website as a worldwide, asset-light provider of integrated transportation management solutions delivering specialized transportation services for the transportation industry in the State of Georgia and throughout the nation.

5. Defendant STEPHEN JAKSE is listed on various documents available to the public as the "owner" and "CEO" of OSJ. Stephen Jakse is a resident of Paulding County, State of Georgia, who acted and acts directly in the interest of Defendant OSJ in relation to its employees. Thus, JAKSE was and is an employer of Plaintiff and others similarly situated within the meaning of

2

Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

## COVERAGE ALLEGATIONS

6. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendants have constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) in that the enterprise has had employees engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had an annual volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10. At all times hereinafter mentioned, Plaintiff has been an individual employee who has engaged in commerce within the meaning of 29 U.S.C. § 207.

**FACTUAL ALLEGATIONS**

11. Defendants operate a freight management company that, on information and belief, functions as a franchised agent of Landstar Systems, Inc. Defendants' business is to match customers' shipping needs with trucking companies that are looking for loads.

12. Plaintiff worked continuously for Defendants performing tasks at their office located in Hiram, Georgia from February 15, 2016 until she was discharged on May 12, 2017.

13. Plaintiff was employed by Defendants for the most part as a logistics coordinator, but for a period as an inside salesperson, positions that Defendants maintained were exempt from overtime requirements.

14. Plaintiff spent the majority of her working hours obtaining orders for shipments from Defendants' customers and matching such orders with trucking companies looking for loads. This entailed telephone conversations, emails, and use of a software system that assisted in matching orders with a carrier and provided rate and pricing information.

15. Defendants required Plaintiff to sign a written employment agreement stating that she was a "sales representative."

16. Plaintiff and other employees regularly worked additional time each day beyond the end of the customary work day but were not paid compensation for such overtime hours.

17. During recurrent periods lasting for one (1) week, Plaintiff was required to monitor cellphones and computers throughout a four-hour (4) interval each work day from 6-10 p.m. and on weekend days from 10 a.m. to 10 p.m.

18. During her employment Plaintiff received a salary plus a production bonus paid weekly

19. Plaintiff's salary equaled an hourly rate of some $19.28 per hour for a forty (40) hour week.

20. When Plaintiff or other similarly-situated employees were absent for a partial day, their compensation was reduced to account for the hours missed.

21. Defendants misclassified Plaintiff as "exempt" from overtime, but at no time from was Plaintiff an "exempt" employee under the FLSA.

22. Defendants did not record or track the hours worked by Plaintiff.

23. Plaintiff was paid no overtime compensation for approximately seven hundred (700) hours worked over forty (40) in a week during her employment.

24. Plaintiff was entitled to time and one-half her hourly rate for all hours worked over forty (40) in one week.

25. Defendants had knowledge that Plaintiff regularly worked in excess of forty (40) hour each work week.

26. Defendants possess all records relating to Plaintiff's employment showing that Defendants failed to pay her overtime.

27. On information and belief, any records that Defendants do not personally hold are possessed and controlled by Landstar Systems, Inc., a Florida corporation for whom Defendants serve as franchised agents.

28. Defendants failed to engage in any good-faith effort to determine whether or not their employment practices violated the FLSA regarding Plaintiff's compensation for hours worked.

29. Defendants' violations of the FLSA were intentional, willful, and in conscious disregard for Plaintiff's rights under the law.

30. Defendants knew or should have known that their refusal to pay overtime with regard to Plaintiff was in violation of the FLSA.

31. Defendants continue to act in bad faith by refusing to pay Plaintiff the overtime pay to which she is entitled.

WHEREFORE, Plaintiff prays for relief as follows:

(1) Trial by Jury;

(2) An Order declaring that Defendants are liable to Plaintiff for overtime wages pursuant to the FLSA;

(3) A Judgment against Defendants for damages,

including compensatory and liquidated damages;

(4) An award of attorneys' fees;

(5) An award of all costs and litigation expenses;

(6) For pre-judgment interest; and

(7) For such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

s/A. McArthur Irvin
A. McArthur Irvin

Georgia Bar No. 384300

IRVIN BOWEN HALE-SMITH LLC
2970 Peachtree Road
Suite 225
Atlanta, GA 30305
404-237-5075
404-364-4550 (facsimile)
mirvin@ibhslaw.com
Attorneys for Plaintiff