## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TARYN HANSON,** | : | |
| | : | |
| **PLAINTIFF,** | : | **CIVIL ACTON NO. 1:17cv-02027-ode** |
| | : | |
| **v.** | : | |
| | : | |
| **OSJ LOGISTICS, LLC** | : | |
| **AND STEPHEN JAKSE,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| _____ | : | |

### DEFENDANTS  FIRST AMENDED ANSWER FOR ALLEGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

NOW COMES, Gregory T. Bailey, DEFENDANTS OSJ LOGISTICS, LLC AND STEPHEN JAKSE, HEREBY ANSWERING THE COMPLAINT FILED BY TARYN HANSON AS FOLLOWS:

### AFFIRMATIVE DEFENSES

1.

The Plaintiff alleges that a contract exists between the parties, if the contract does exist, the contract contains language that obligates this matter to be resolved in binding arbitration before the American Arbitration Association in Atlanta, Georgia.

2.

1

The Plaintiff is employed by OSJ Logistics, LLC; Stephen Jakse is a shareholder of the company and should not be sued in his individual capacity. He reserves the right to file a countersuit for the inappropriate action against him.

3,

The Plaintiff is not covered by Fair Labor Standards Act because she was paid more than $460 per week as a salaried employee.

4.

Plaintiff's Complaint fails to state the claim for which relief may be granted because Plaintiff is a salaried, administrative employee not covered by the Fair Labor Standards Act, hereinafter FLSA.

5.

Defendants reserve the right to add to and or amend its affirmative defenses pursuant to Court Approval.

6.

Plaintiff's Complaint should be dismissed in whole or in part on the ground that it fails to state a claim upon which relief can be granted.

7.

Plaintiff's Complaint should be dismissed in whole or in part on the ground that Plaintiff's claims are barred by the applicable statutes of limitation or are

otherwise untimely, both as to relief and as to evidence to be received in this action.

## **INTRODUCTION**

### **1.**

The Defendant OSJ Logistics LLC admits that it is an employer engaged in Interstate Commerce. However, the Defendant, Stephen Jakse denies being subject to the Fair Labor Standards Act of 1936, as amended ("FLSA"), 28 U.S.C. et al. The Defendants are uncertain whether the Plaintiff executed the standard contract that binds the employees and the employer to submit to binding arbitration.

### 2.

### **Venue**

Neither Defendant OSJ Logistics nor Stephen Jakse dispute the venue of this Court.

### 3.

The Defendants have no reason to dispute the allegations in paragraph 3.

### 4.

The Defendant OSJ Logistics, LLC, ( hereinafter ("OSJ") admit to paragraph 4.

### 5.

The Defendant Stephen Jakse, is a stockholder in OSJ Logistics, LLC.

## <u>COVERAGE ALLEGATIONS</u>

6.

DEFENDANTS deny the allegations in paragraph 6.

7.

Defendant OSJ Logistics, LLC confirms that it conducts business within the Interstate Commerce.

8.

Defendant OSJ admits that its revenue exceeds $500,000.00.

9.

Defendant denies the allegations regarding the Plaintiff meeting the guidelines of Fair Labor Standards Act.

10.

Defendant denies the allegations regarding the Plaintiff meeting the guidelines of Fair Labor Standards Act et. al.

11.

Defendant OSJ admits to the paragraph 11.

12.

Defendant OSJ denies that the Plaintiff was discharged.  She left voluntarily.

13.

Defendant OSJ denies the summary of facts by the Plaintiff and states that the employee was a salaried administrative.

14.

Defendant is unable to confirm or deny the methodology of the administrative sales agent that Plaintiff was hired to be for OSJ.

15.

Defendant is unable to locate any employment agreement that the Plaintiff signed.  She may possess one but the Defendant is unable to confirm or deny its existence.

16.

The Defendant denies the allegations in paragraph 16 and reiterates that the Plaintiff was a salaried employee.

17.

The Defendant denies the allegations in paragraph 17 because as a salaried employee the Plaintiff had autonomy over how she fulfilled her duties.

18.

The Defendant does not deny that the Plaintiff received a salary plus incentive for performing her tasks.

19.

The Defendant denies that the Plaintiff was entitled to overtime pay.

20.

The Defendant denies the allegations in paragraph 20.

21.

The Defendant denies the allegation that the Plaintiff was misclassified as "exempt".

22.

The Defendant denies the allegations in paragraph 22.

23.

The Defendant denies the allegations in paragraph 23.

24.

The Defendant denies the allegations in paragraph 24.

25.

The Defendant denies the allegations in paragraph 25 and notes that the paragraphs of the Plaintiff contradict each other regarding the Defendant's knowledge and lack of knowledge of the Plaintiff's work.

26.

Defendant denies the allegations and conclusions in paragraph 26.

27.

Defendant denies the allegation and conclusions in paragraph 27.

28.

Defendant denies the allegation in paragraph 28.

29.

Defendant denies the allegation in paragraph 29.

30.

Defendant denies the allegation in paragraph 30.

31.

Defendant denies the allegation in paragraph 31.

WHEREFORE, Defendants pray for the following relief:

1.  Trial by Jury:

2.  An order dismissing the action with prejudice against the Plaintiff.

3.  A Judgment against the Plaintiff for damages and reimbursement of attorney fees for defending this action.

4.  An award of all costs and litigation expenses.

5.  For such other and further relief as this Court deems just and appropriate.

This 22nd day of May, 2018.

_____/s/Greg Bailey_____
Gregory T. Bailey
Georgia Bar No.  032075
*Attorney for Defendants*

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101

Douglasville, Georgia  30134
Telephone: 404-397-1975
Personal Fax: 404-393-7528
Email:  attygregtbailey@msn.com

## <u>CERTIFICATE OF FONT TYPE, SIZE AND SERVICE</u>

This is to certify that I have this date presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C), and that I electronically filed this **Defendants' First Amended Answer for Allege Violation of the FLSA** with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorney of record:

> A. McArthur Irvin
> Irvin Bowen Hale-Smith, LLC
> 2970 Peachtree Road, Suite 225
> Atlanta, GA 30305

This 22nd day of May, 2018.

> _____ /s/Greg Bailey_____
> Gregory T. Bailey
> Georgia Bar No.  032075
> Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia  30134
Telephone: 404-397-1975
Personal Fax: 404-393-7528
Email:  attygregtbailey@msn.com

9